**EOD**

**09/20/2019**

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: | **Case No.:**　**18-42287-BTR-11** |
| **FABRIC FANATICS, INC.**<br>27–1832718<br>910 W. Parker Road, Suite 325<br>Plano, TX 75075 | **Chapter:**　**11** |
| **Debtor.** | |

## ORDER CONFIRMING FABRIC FANATICS, INC.'S
## PLAN OF REORGANIZATION [DATED AUGUST 6, 2019]

On the **19th day of September, 2019**, came on before the Court the following matters: (a) final hearing on the approval of *Disclosure Statement for* **Fabric Fanatics, Inc.'s** *Plan of Reorganization [Dated August 6, 2019]* [**Docket Entry No. 57**] ("**Disclosure Statement**"); and (b) confirmation hearing on **Fabric Fanatics, Inc.'s** *Plan of Reorganization [Dated August 6, 2019]* [**Docket Entry No. 56**] ("**Plan**") each of which were filed by **Fabric Fanatics, Inc.,** the debtor and debtor-in-possession, in this bankruptcy case ("**Debtor**"). The Court, having considered the Disclosure Statement, the Plan, the ballot tally, and other evidence presented at the hearing, and there being no objections to the final approval of the Disclosure Statement and to the confirmation of the Plan, made its findings of fact and conclusions of law orally on the record, which findings and conclusions are incorporated by reference herein and set forth in part as follows (capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Plan, or if not defined in the Plan, as defined in the Bankruptcy Code):

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      The Debtor commenced the subject bankruptcy case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on **October 10, 2018** (the "**Petition Date**").

2.      The Disclosure Statement was conditionally approved by this Court by order entered on **August 7, 2019** [**Docket Entry No. 59**] (the "**Disclosure Statement Order**"), which Disclosure Statement Order authorized the Debtor to solicit votes with respect to the Plan.  The deadline for filing objections to the Plan and/or the Disclosure Statement was **September 13, 2019**. The deadline for voting to accept or reject the Plan was **September 17, 2019**.

3.      The Confirmation hearing was calendared for **September 19, 2019, at 9:30 a.m**.

4.      The Debtor proposed the Plan in good faith to provide for the treatment of all claims against the Debtor and this bankruptcy estate.

5.      All creditors and other parties in interest, in accordance with the orders of this Court, timely received copies of: (a) the Plan; (b) the Disclosure Statement Order; and (c) the Disclosure Statement.  Further, all such parties, in accordance with the orders of this Court, timely received appropriate notice of: (a) the time within which ballots must have been received by the Debtor; (b) the time within which objections to confirmation must have been filed; and (c) the Confirmation Hearing.

6.      The Disclosure Statement contains adequate information.

7.      The Ballot Summary, which was filed with the Court on **September 18, 2019** [**Docket Entry No. 67**], reflects the voting results tabulated by the Debtor from the timely received ballots of each Class designated under the Plan.

8.    The Court has jurisdiction over this matter as a core proceeding pursuant to the provisions of 11 U.S.C. § 157 (b)(2)(A)-(L), and (O).

9.    The Plan meets all requirements of §§ 1122 and 1123 of the Bankruptcy Code and the Debtor has complied with § 1125 of the Bankruptcy Code with respect to the Plan.

10.    The Plan complies with all pertinent provisions of § 1129 (as set forth in greater detail below) and with all other requirements of the Bankruptcy Code.

a.    <u>Due and Sufficient Notice</u>.  Notice of the Confirmation Hearing was appropriate and complied, in all respects, with Bankruptcy Rule 2002(b).

b.    <u>Plan Compliance - Bankruptcy Code Section 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

c.    <u>Proponent Compliance - Bankruptcy Code Section 1129(a)(2)</u>.  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

d.    <u>Good Faith - Bankruptcy Code Section 1129(a)(3)</u>.  The Plan has been proposed in good faith under Section 1129(a)(3) and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125(e).

e.    <u>Payments - Bankruptcy Code Section 1129(a)(4)</u>.  Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan and/or case have been approved by or are subject to the approval of this Court.

f.    <u>Disclosures Regarding Post-Confirmation Management - Bankruptcy Code Section 1129(a)(5)</u>.  The Debtor accurately disclosed in the Disclosure Statement the identity and any affiliations of the individuals proposed to serve as officers and directors

of Debtor after the Plan is confirmed, and the compensation to be paid to such individuals after confirmation of the Plan.

g.    <u>No Rate Change - Bankruptcy Code Section 1129(a)(6)</u>.  No governmentally regulated rates are involved in this case.

h.    <u>Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)</u>.  With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

i.    <u>Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)</u>.  All Classes that contained Class members that actually voted are impaired.

i.    The holders of **Class 1A Claims** (Secured Ad Valorem Taxes) are impaired.  The holder of such claims did not object to confirmation and did not vote.  The treatment of any such claims is consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

ii.    The holder of the **Class 1B Claim** (LiftFund, Inc.) is impaired and voted to accept the Plan in excess of the amounts and numbers required by Section 1126 of the Bankruptcy Code.  More specifically, 1 creditor voted:  1 in favor and 0 against.  Total dollars voting was $135,987.28.  Total dollars in favor was $135,987.28.  Total dollars against was $0.00.  Percentage of dollars in favor was 100%.

iii.     The holder of the **Class 1C Claim** (Navitas Lease Corp.) is impaired but did not object to confirmation and did not vote.

iv.     The holders of **Class 2 Claims** (Pre-Petition Priority Claims) are not impaired.

v.     There are no holders of **Class 3A Claims** (Administrative Convenience Claims).

j.     The holders of **Class 3B Claims** (General Unsecured Claims) are impaired and voted to accept the Plan in excess of the amounts and numbers required by Section 1126 of the Bankruptcy Code.  More specifically, 1 creditor voted:  1 in favor and 0 against.  Total dollars voting was $25,723.44.  Total dollars in favor was $25,723.44.  Total dollars against was $0.00.  Percentage of dollars in favor was 100%.

k.     Priority Claims - Bankruptcy Code Section 1129(a)(9).  Claims entitled to priority under 11 U.S.C. §507(a)(8) will be paid in accordance with the Bankruptcy Code or as per the provisions of the Plan.

l.     Class Acceptance - Bankruptcy Code Section 1129(a)(10).  At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

m.     Feasibility - Bankruptcy Code Section 1129(a)(11).  The Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor.

n.     Fees - Bankruptcy Code Section 1129(a)(12).  All fees payable under 28 U.S.C. §1930 have been paid.

o.      <u>Retiree Benefits - Bankruptcy Code Section 1129(a)(13)</u>.  There are no retiree benefits involved in this case.

p.      <u>Domestic Support Obligations - Bankruptcy Code Section 1129(a)(14)</u>. Section 1129(a)(14) is not applicable in this case.

q.      <u>Individual Debtor/Unsecured Creditor Objection - Bankruptcy Code Section 1129(a)(15)</u>.  Section 1129(a)(15) is not applicable in this case.

r.      <u>Transfer Compliance - Bankruptcy Code Section 1129(a)(16)</u>.  The Plan does not contemplate the transfer of property and thereby complies with the provisions of 11 U.S.C. §1129(a)(16).

11.     <u>Cram Down - Bankruptcy Code Section 1129(b)</u>.  The Debtor satisfied the requirements of Bankruptcy Code § 1129(a)(8) with respect to all classes except Class 1C – Secured Claim of Navitas Lease Corp.  The treatment afforded Class 1C, as modified herein, satisfies the provisions of Bankruptcy Code section 1129(b).

THEREFORE, based upon the foregoing findings of fact and conclusions of law.

**<u>ORDER</u>**

IT IS HEREBY ORDERED that:

1.      The findings set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant Bankruptcy Rule 9014.  To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be finding of fact, it shall be so deemed.

2.      All objections, if any, if not withdrawn, waived, or settled at or prior to the hearing are overruled on the merits.

3.      The Disclosure Statement, having been previously conditionally approved, is hereby approved.

4.      The Plan, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference **and as modified by this Order**, is and shall be hereby confirmed in all respects pursuant to Section 1129(a) of the Bankruptcy Code.

      a.      Section 10.4 of the Plan is hereby deleted and shall be of no force or effect.

      b.      Navitas Lease Corp. shall have an allowed Class 1C secured claim in the amount of $2,085.00 said sum to be paid over twenty-four (24) months commencing thirty (30) days after the Effective Date at the rate of $99.76 per month with interest accruing thereon at the annual rate of 13.65%.

5.      All perfected liens and security interests of any creditor shall continue to be perfected with respect to such creditor's collateral.

6.      The Reorganized Debtor shall file quarterly operating reports no later than the 30th day after the end of the quarter.  The Reorganized Debtor shall also pay all quarterly fees owed to the United States Trustee no later than the 30th day after the end of the quarter. The Reorganized Debtor shall be obligated to file these reports and pay these fees until the Case is closed.

7.      This Court shall retain jurisdiction over this case and related matters, proceedings and issues as set forth in the Plan and to the fullest extent allowed by the Bankruptcy Code except to the extent otherwise set forth herein.

8.      This Order is hereby declared to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications or other supporting documents.

9.      That each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order; and it is further

10.      To the extent that the terms of the Plan conflict with any prior Orders of this Court, the terms of this Plan shall be controlling.

11.      Within fourteen (14) days after the date of the entry of this Order, the Debtor shall mail or cause to be mailed to all Creditors who have filed a proof of claim in this case (provided such claims have not previously been disallowed), parties who have filed a Notice of Appearance, parties to rejected leases or executory contracts and all other parties listed on the Debtor's Master Service List, notice of entry of this Order.

Signed on 9/20/2019

*Brenda T. Rhoades*      SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

**ORDER SUBMITTED BY:**

*/s/ Robert T. DeMarco*

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791
**Counsel for Debtor and Debtor-in-Possession**

**IN THE UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF TEXAS**

**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: | **Case No.:**   **18-42287-BTR-11** |
| **FABRIC FANATICS, INC.** | **Chapter:**   **11** |
| 27–1832718 | |
| 910 W. Parker Road, Suite 325 | |
| Plano, TX 75075 | |
| **Debtor.** | |

---

**FABRIC FANATICS, INC.'S PLAN OF REORGANIZATION**
**[DATED AUGUST 6, 2109]**

---

Pursuant to section 1121(a) of the Bankruptcy Code, **Fabric Fanatics, Inc.**, the debtor and debtor-in-possession in this Case (defined *infra*) hereby proposes this Plan of Reorganization

**INTRODUCTION**

The purpose of this Plan (defined *infra*) is to provide the details of the Debtor's (defined *infra*) proposed reorganization and proposed distributions of money and/or property to its Creditors (defined *infra*). After the Plan has been confirmed, the Bankruptcy Court (defined *infra*) will retain jurisdiction to determine the allowance of all Claims (defined *infra*) and to effectuate and enforce the terms of this Plan.

**ARTICLE 1:   PLAN SUMMARY**

1.1.     **Reorganization**:  The Plan provides for a reorganization and restructuring of the Debtor's financial obligations.

1.2.     **Distribution**:  The Plan provides for a distribution to Creditors in accordance with the terms of the Plan from the Debtors over the course of **five (5)** years from the Debtors' continued business operations.

1.3.     **Classes**:  The Plan provides for:

| | |
|---|---|
| 1 | Class of priority Claims; |
| 2 | Classes of secured Claims; |
| 2 | Classes of unsecured Claims; and |
| 1 | Classes of equity security holders. |

Unsecured Creditors holding Allowed Claims will receive distributions of approximately **$60,000.00**, which sum is to be paid quarterly over a five year period.  This Plan also provides for the payment of administrative and priority claims.

# EXHIBIT "A"

Case 18-42287   Doc 36   Filed 08/06/19   Entered 08/06/19 11:43:39   Desc Main Document   Page 2 of 23

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE 2:   CLASSIFICATION OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| 2.1. | **Class 1A** | ................. | The claims for *Ad Valorem* taxes, to the extent Allowed as a Secured Claims under 11 U.S.C. 506 of the Bankruptcy Code. |
| 2.2. | **Class 1B** | ................. | The Claim of **LiftFund, Inc.**, to the extent Allowed as a Secured Claims under 11 U.S.C. 506 of the Bankruptcy Code. |
| 2.3. | **Class 1C** | ................. | The Claim of **Novitas Lease Corp.**, to the extent Allowed as a Secured Claims under 11 U.S.C. 506 of the Bankruptcy Code. |
| 2.4. | **Class 2** | ................. | All Allowed Claims entitled to priority under § 507(a) of the Bankruptcy Code (except administrative expense claims under § 507(a)(2) and priority tax claims under § 507(a)(8)). |
| 2.5. | **Class 3A** | ................. | All non-priority unsecured Claims Allowed under § 502 of the Bankruptcy Code the holders of which opted to their respective claim treated as an administrative convenience Claim |
| 2.6. | **Class 3B** | ................. | All non-priority unsecured Claims Allowed under § 502 of the Bankruptcy Code. |
| 2.7. | **Class 4** | ................. | Equity Interests of the Debtor |

### ARTICLE 3:   TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, PRIOIRTY TAX CLAIMS AND QUARTERLY AND COURT FEES

| | | |
|---|---|---|
| 3.1. | **Unclassified Claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.2. | **Administrative Expense Claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.3. | **Priority Tax Claims** | Each holder of an Allowed Priority Tax Claim against the Debtor shall receive on the Effective Date, in full satisfaction, release and discharge of such Allowed Priority Tax Claim, at the election of the Debtor, either:  (i) Cash payment in the amount of such holder's Allowed Priority Tax Claim; (ii) deferred Cash payments over a period not to exceed five (5) years, from the Petition Date of a value as of the Effective Date, equal to the Allowed amount of such Claim; or (iii) such other terms as may be agreed upon by such holder and the Debtor.  The rate of interest to be paid on Allowed Priority Tax Claims that are paid out over five (5) years shall be equal to the underpayment rate specified in 26 U.S.C. § |

| | |
|---|---|
| | 6621 (determined without regard to 26 U.S.C. § 6621(a)) as of the Effective Date (the underpayment rate is currently 5.5%) |
| **3.4.   Statutory Fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| **3.5.   Prospective Quarterly Fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### ARTICLE 4:   TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.1   Claims and Interests shall be treated as follows under this Plan**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1A - Secured Claims of *Ad Valorem* taxes | ☑ Impaired ☐ Unimpaired | Each holder of an Allowed Class 1A Claim payable to a taxing authority for *ad valorem* taxes shall retain its full rights and liens to the extent of its Allowed Secured Tax Claim until its Allowed Secured Tax Claim has been paid in full.<br><br>Payment shall be made in full no later than five (5) years from and after the Petition Date in equal monthly payments.   More specifically, the prepetition and post-petition *ad valorem* taxes of each holder of an Allowed Class 1A Claim shall be treated as follows:<br><br>Liens and Interest.  Any and all liens (both those arising prepetition and post-petition) held by the holder of an Allowed Class 1A Claim shall be preserved in any transfer of assets under the Plan.  Each holder of an Allowed Class 1A Claim shall be entitled to receive interest from the Petition Date to the Effective Date pursuant to 11 U.S.C. § 506(b), as well as from the Effective Date until paid in full under 11 U.S.C. § 1129(b), at a statutory rate of 1% per month as required by 11 U.S.C. § 511.   If the post-petition *ad valorem* taxes are not paid prior to the State law delinquency date, each holder of an Allowed Class 1A Claim shall be entitled to receive any penalties and interest that accrue under State law based on the nonpayment of such tax.<br><br>Default.  In the event the Reorganized Debtor fails to timely pay an Allowed Class 1A Claim or |

| | | a post-petition tax in compliance with the Plan, the Reorganized Debtor shall be in default, and, subject to Section 10.5 of the Plan, the holder of the affected Allowed Class 1A Claim may pursue remedies in accordance with that section. |
| | | **The Debtor does not believe there are any members in this class.** |
| Class 1B - Secured Claim of **Liftfund, Inc.** | ☑ Impaired<br>☐ Unimpaired | <u>Class 1B Summary</u>.  Class 1B consists of the Secured Claim of LiftFund and is secured by substantially all the assets of the Debtor.  Lift asserts the principal balance due and owing Frost Bank is **$135,987.28**.  The Allowed Class 1B Claim shall be modified as set forth herein and paid by the Reorganized Debtor as follows.<br><br><u>Principal Amount</u>.  The unpaid principal balance of the Allowed Class 1B Claim is hereby allowed as an Allowed Secured Claim in the amount of **$135,987.28**, less the aggregate of any and all post-petition adequate protection payments made which total $6,960.00 ($870.00 x 8) as of the date this Plan is filed.<br><br><u>Interest</u>.  Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1B Claim holder at the **Secured Claim Interest Rate** from and after the Confirmation Date.<br><br><u>Payments</u>.  The Allowed Class 1B Claim, plus interest thereon, shall be paid in consecutive monthly installments of **$1,054.28**. commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter.<br><br><u>Maturity</u>.  The maturity date shall be the first (1st) day of the **180th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing shall be paid in full.<br><br><u>Pre-Payment</u>.  At any time after the Effective Date, without penalty or premium, the Allowed Class 1B Claim may be prepaid, in whole or in |

Case 18-42287    Doc 96    Filed 08/06/19    Entered 08/06/19 14:33:59    Desc Main Document    Page 5 of 23

part, in the sole discretion of the Reorganized Debtor.

<u>Collateral</u>. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1B Claim shall remain in full force and effect following the Effective Date.

<u>Allowed Unsecured Deficiency Claim</u>. Lift is fully secured. Lift shall have no Allowed Unsecured Claim.

<u>Default</u>. In the event the Reorganized Debtor fails to timely pay an Allowed Class 1B Claim the Reorganized Debtor shall be in default, and, subject to Section 10.5 of the Plan, the holder of the affected Allowed Class 1B Claim may pursue remedies in accordance with that section.

<u>Address for Payment</u>. Until further notice, all payments due the holder of an Allowed Class 1B Claim shall be sent to the following address: **LiftFund, Inc., 2007 W. Martin Street, San Antonio, Texas 78207.**

| Class 1C - Secured Claim of **Navitas Lease Corp.** | ☑ Impaired<br>☐ Unimpaired | <u>Class 1C Summary</u>. Class 1C consists of the Secured Claim of **Navitas Lease Corp.** The Debtor and **Navitas** are parties to a Finance Agreement dated June 3, 2016 ("**Finance Agreement**"), which contract is secured by a ICOLOR 600 Series Printer (the "**Principal**"). **Navitas** did not file a proof of claim in this case. Debtor listed the Navitas claim at $2,085.30 on its Schedule D.<br><br><u>Principal Amount</u>. The unpaid principal balance of the Allowed Class 1C Claim is hereby allowed as an Allowed Secured Claim in the amount of **$2,085.30**.<br><br><u>Interest</u>. Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1C Claim holder at the **Secured Claim Interest Rate** from and after the Confirmation Date. |

<u>Payments</u>.  The Allowed Class 1C Claim, plus interest thereon, shall be paid in consecutive monthly installments of **$91.98** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1C Claim is paid in full.

<u>Maturity</u>.  The maturity date shall be the first (1st) day of the **24th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.

<u>Pre-Payment</u>.  At any time after the Effective Date, without penalty or premium, the Allowed Class 1C Claim may be prepaid, in whole or in part, in the sole discretion of the Reorganized Debtors.

<u>Collateral</u>.  Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1C Claim shall remain in full force and effect following the Effective Date.

<u>Default</u>.  In the event the Reorganized Debtors fail to timely pay an Allowed Class 1C Claim the Reorganized Debtors shall be in default, and, subject to Section 10.5 of the Plan, the holder of the affected Allowed Class 1C Claim may pursue remedies in accordance with that section.

<u>Address for Payment</u>.  Until further notice, all payments due the holder of an Allowed Class 1C Claim shall be sent to the following address: **Navitas Lease Corp.,** P.O. Box 3491, Ponte Vedra Beach, FL 32204-3491.

| Class 2 - Priority Claims excluding those in Article 3 of this Plan | ☐ Impaired ☑ Unimpaired | Class 2 consists of all Allowed Priority Claims against the Debtor.  Except to the extent that the holder of such Claim agrees to a different treatment, the Reorganized Debtor shall pay Cash on the Effective Date to each holder of any Allowed Claim in Class 2 the amount of such |

| | | Allowed Claim. |
| | | **The Debtor does not believe there will be any members in this class on the Confirmation Date.** |
| Class 3A – Administrative Convenience Claims | ☑ Impaired<br>☐ Unimpaired | Class 3A consists of all Allowed Unsecured Claims against the Debtor of $100 or less, including all Allowed Unsecured Claims whose holders elect to reduce their claim to $100. Allowed Unsecured Claims in Class 3A shall be fully satisfied by Cash payment of the lesser of $100 or the Allowed Amount of such Claim on the 10th Business Day after the Effective Date. |
| Class 3B – Non-priority unsecured Claims | ☑ Impaired<br>☐ Unimpaired | Class 3B consists of Allowed Claims against the Debtor (including Claims arising from the rejection of executory contracts and/or unexpired leases) other than: (i) Administrative Claims; (ii) Priority Tax Claims; or (iii) Claims included within any other Class designated in this Plan.  Class 3B shall be deemed to include those Creditor(s) holding an alleged Secured Claim against the Debtor for which: (y) no collateral exists to secure the alleged Secured Claim; and/or (z) liens, security interests, or other encumbrances that are senior in priority to the alleged Secured Claim exceed the fair market value of the collateral securing such alleged Secured Claims as of the Petition Date.<br><br>Each holder of an Allowed Unsecured Claim in Class 3B shall be paid by Reorganized Debtor from an unsecured creditor pool, which pool shall be funded at the rate of **$1,000.00** per month. Payments from the unsecured creditor pool shall be paid quarterly, **<u>for a period not to exceed five (5) years (20 quarterly payments)</u>** and the first quarterly payment will be due on the twentieth (20th) day of the first full calendar month following the last day of the first quarter. |
| Class 4 – Equity Security Holders of the Debtor | ☐ Impaired<br>☑ Unimpaired | Class 4 consists of the holders of Allowed Interests in the Debtor.  The holder of an Allowed Class 4 Interest shall retain their respective interests in the Reorganized Debtor. |

## ARTICLE 5:   ALLOWANCE AND DISALLOWANCE OF CLAIMS

| | | |
|---|---|---|
| 5.1. | **Disputed Claim** | A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:<br><br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br><br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.2. | **Delay of distribution on a disputed Claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a Final Order. |
| 5.3. | **Settlement of disputed Claims** | The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure |

## ARTICLE 6:   EXECUTORY CONTRACTS

| | | |
|---|---|---|
| 6.1. | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date:<br><br>**NONE** |
| | | (b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.1(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **ninety (90)** days after the Effective Date. |

## ARTICLE 7:   MEANS FOR IMPLEMENTATION OF THE PLAN

| | | |
|---|---|---|
| 7.1. | **General** | The Debtor proposes to implement and consummate this Plan through the means contemplated by §§ 1123 and 1145(a) of the |

Bankruptcy Code.

| | | |
|---|---|---|
| **7.2.** | **Reorganized Debtor and revesting of assets** | 7.2.1. **Management of Reorganized Debtor**. The management of Reorganized Debtor will remain unaltered. |
| | | 7.2.2. **Revesting**.  On the Effective Date, title to all assets, claims, Causes of Action, properties, and business operations of the Debtor and of the Estate shall vest and/or revest in Reorganized Debtor, and thereafter, Reorganized Debtor shall own and retain such assets free and clear of all liens and Claims, except as expressly provided in this Plan.  From and after the Effective Date, except as otherwise described in this Plan, Reorganized Debtor shall own and operate such assets without further supervision by or jurisdiction of this Court, except as otherwise provided herein.  From and after the Effective Date, in accordance with the terms of this Plan and the Confirmation Order, Reorganized Debtor shall perform all obligations under all executory contracts and unexpired leases assumed in accordance with Article VIII of this Plan. |
| | | 7.2.3. **Disbursing Agent**.  Reorganized Debtor shall serve as disbursing agent, without bond, for purposes of making transfers and payments under this Plan. |
| **7.3.** | **Settlement of disputed Claims** | The Reorganized Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure |

## ARTICLE 8:   GENERAL PROVISIONS

| | | |
|---|---|---|
| **8.1.** | **Definitions** | The definitions set forth in § 101 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| | | 8.1.1. **Administrative Claim** means any right to payment constituting a cost or expense of administration of the Case of a kind specified under § 503(b) of the Bankruptcy Code and entitled to priority under §§ 507(a)(2), 507(b) or 1114(e)(2) of the Bankruptcy Code, including, without limitation: (i) any actual and necessary costs and expenses of preserving the Debtor's Estate; (ii) any actual and necessary costs and expenses of operating the Debtor's business enterprise; (iii) any indebtedness or obligations incurred or assumed by the Debtor in connection with the conduct of its business enterprise; (iv) all compensation and reimbursement of expenses to the extent awarded by the Court under §§ 330, 331 or 503 of the Bankruptcy Code; (v) any fees or |

charges assessed against the Debtor's Estate under § 1930 of chapter 123 of title 28 of the United States Code; and (vi) any Claim for goods delivered to the Debtor within twenty days of the Petition Date and entitled to administrative priority pursuant to § 503(b)(9) of the Bankruptcy Code.

8.1.2.   **Allowed Amount** means the amount in lawful currency of the United States of any Allowed Claim, or the number of shares representing any Allowed Interest.

8.1.3.   **Allowed** means, with reference to any Claim or Interest: (i) a Claim against or Interest in the Debtor, proof of which, if required, was filed on or before the Bar Date, which is not a Contested Claim or Contested Interest; (ii) if no proof of claim or interest was so filed, a Claim against or Interest in the Debtor that has been or hereafter is listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009; or (iii) a Claim or Interest allowed hereunder or by Final Order.  Moreover, the following Claims or Interests are not Allowed:  (i) any Claim or Interest allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Court; (ii) any Claim or Interest, or any portion thereof, which is subsequently withdrawn, disallowed, released or waived by the holder thereof, by this Plan, or pursuant to a Final Order; and (iii) any Claim or Interest, or any portion thereof, which is attributable to punitive damages or penalties.

8.1.4.   **Avoidance Action** means any claim or cause of action belonging to the Debtor and arising under the Bankruptcy Code including, but not limited to, §§ 544, 547, 548 and 550.

8.1.5.   **Ballot** means each of the ballot forms distributed with the Disclosure Statement to each holder of an impaired Claim or Interest (other than to holders not entitled to vote on the Plan) upon which is to be indicated, among other things, acceptance or rejection of the Plan.

8.1.6.   **Bankruptcy Code** means Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as in effect on the date hereof.

8.1.7.   **Bankruptcy Court** means the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.

8.1.8.   **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under § 2075 of title 28 of the United States Code, and local rules of the Court, as the context requires, and as in effect on the date hereof.

8.1.9.   **Bar Date** means the deadline by which a Claim must have been timely filed.  The Bar Date for all Administrative Claims is the date that is ninety (90) days after the Effective Date.

8.1.10. **Business Day** means any day other than a Saturday, a Sunday or a "legal holiday" as that phrase is defined in Bankruptcy Rule 9006(a).

8.1.11. **Case** means the above entitled and numbered case which was commenced by the Debtor's filing of a voluntary petition for relief pursuant to the Bankruptcy Code.

8.1.12. **Causes of Action** means any and all claims, rights and causes of action that have been or could have been brought by or on behalf of the Debtor arising before, on or after the Petition Date, known or unknown, in contract or in tort, at law or in equity or under any theory of law, including, but not limited to any and all claims, rights and causes of action the Debtor or the Estate may have against any Person arising under chapter 5 of the Bankruptcy Code, or any similar provision of state law or any other law, rule, regulation, decree, order, statute or otherwise, including but not limited to any claim or cause of action under a policy of insurance, claims, if any, against officers and directors of the Debtor, Avoidance Actions under the Code, and any other causes of action belonging to the Debtor or the Estate.

8.1.13. **Claim** means: (i) right of payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

8.1.14. **Claimant** means the holder of a Claim or Interest.

8.1.15. **Claims Objection Deadline** means the date by which parties authorized by the Plan may file any objection to a Claim, which date shall be ninety (90) days after the Effective Date, except with respect to Administrative Claims as otherwise provided for herein.

8.1.16. **Class** means all of the holders of Claims or Interests with respect to the Debtor that has been designated as a class in Article 4 hereof.

8.1.17. **Confirmation** means the entry by the Bankruptcy Court of the Confirmation Order.

8.1.18. **Confirmation Date** means the date of entry by the Bankruptcy Court of an order confirming the Plan.

8.1.19. **Confirmation Hearing** means the hearing or hearings to be held before the Bankruptcy Court in which the Debtor shall seek Confirmation of this Plan.

8.1.20. **Confirmation Order** means the Final Order confirming this Plan.

8.1.21. **Contested** when used with respect to a Claim or Interest, means a Claim against or Interest in the Debtor that is: (i) listed in the Debtor's Schedules as disputed, contingent, or unliquidated and as to which a proof of claim has been timely filed; (ii) listed in the Debtor's Schedules as undisputed, liquidated, and not contingent and as to which a proof of Claim or Interest has been filed with the Bankruptcy Court, to the extent the proof of Claim or Interest amount exceeds the amount provided for in the Debtor's Schedules; or (iii) the subject of an objection which has been or may be timely filed by any party in interest or the United States Trustee and which claim has not been disallowed by Final Order.  To the extent an objection relates to the allowance of only a part of a Claim or Interest, such a Claim or Interest shall be a Contested Claim or Contested Interest only to the extent of the objection.

8.1.22. **Creditor** means holder of a Claim as of the Petition Date.

8.1.23. **Debtor** means the Debtor in this Case as the context requires.

8.1.24. **Disclosure Statement** means the Disclosure Statement for this Plan, together with any supplements, amendments, or modifications thereto.

8.1.25. **Entity** includes any individual, partnership, corporation, estate, trust, governmental unit, person, and the United States Trustee.

8.1.26. **Estate** means the bankruptcy estate of the Debtor created by Section 541 of the Bankruptcy Code upon the commencement of this Case.

8.1.27. **Fabric Fanatics** means Fabric Fanatics, Inc.

8.1.28. **Final Order** means: (i) an order of the Bankruptcy Court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing, shall then be pending or, (ii) in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order may be appealed, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or move for reargument or

rehearing shall have expired; provided, however, that the Confirmation Order may be treated as a Final Order if no stay pending appeal has been obtained.

8.1.29. **Haggard** means Haggard Enterprises Limited, Ltd.

8.1.30. **Initial Distribution Date** means the first Business Day on which a distribution is made under the Plan to holders of Allowed Claims.

8.1.31. **Insider** means: (i) a director of the Debtor; (ii) an officer of the Debtor; (iii) a person in control of the Debtor; (iv) a partnership in which a Debtor is general partner; (v) a general partner of the Debtor; (vi) a relative of a general partner in, general partner of, or person in control of the Debtor, (vii) an affiliate (defined in § 101(2) of the Bankruptcy Code) of the Debtor or an Insider of an affiliate as if such affiliate were a Debtor; and (viii) a managing agent of the Debtor.

8.1.32. **Interest** means: (i) the membership interests or ownership interests in the Debtor; and (ii) any right or option, however arising, to acquire a membership interest or any other equity interest in the Debtor.

8.1.33. **Lien** means all valid and enforceable liens, security interests, claims and encumbrances against any property of the Debtor's estate, which is permitted by, or not avoided pursuant to the Bankruptcy Code.

8.1.34. **Lift** means LiftFund, Inc.

8.1.35. **Navitas** means Navitas Lease Corp.

8.1.36. **Petition Date** means October 10, 2018, the date the Debtor filed a voluntary bankruptcy petition commencing this Case.

8.1.37. **Plan** means this "Fabric Fanatics, Inc.'s Plan of Reorganization [Dated August 6, 2019]", including all exhibits and attachments, each of which is hereby incorporated and made part thereof, as modified or amended from time to time in accordance with § 1127 of the Bankruptcy Code.

8.1.38. **Plan Rate** means the, Prime Rate (defined *infra*) as of the Effective Date or such other rate of interest as is determined by the Bankruptcy Court.

8.1.39. **Prime Rate** means the prime interest rate quoted and published from time-to-time in the "Money Rates" section of the *Wall Street Journal*.

8.1.40. **Priority Claim** means all Claims entitled to priority under §§ 507(a)(2)-(a)(7) and (a)(9)-(a)(10) of the Bankruptcy Code.

8.1.41. **Priority Tax Claim** means all Claims for Taxes entitled to priority under § 507(a)(8) of the Bankruptcy Code, and shall include all Tax Claims secured by assets of the Estate.

8.1.42. ***Pro Rata*** means proportionately, so that with respect to a particular Allowed Claim, the ratio of: (i) the monies or property disbursed on account of such Allowed Claim to the amount of such Allowed Claim, is the same as the ratio of (ii) the monies or property disbursed on account of all Allowed Claims of the Class in which such Allowed Claim is included to the amount of all Allowed Claims in that Class.

8.1.43. **Professionals** means those Entities: (i) employed under §§ 327 or 1103 of the Bankruptcy Code; and (ii) entitled, under §§ 330, 503(b), 506(b), and 507(a)(2) of the Bankruptcy Code, to seek compensation for legal, accounting and/or other professional services and the costs and expenses related to such services from the Debtor and/or the Estate.

8.1.44. **Rejection Damages Deadline** means the later of the Bar Date, or thirty (30) days after the entry of an order approving the rejection of an executory contract or unexpired lease.

8.1.45. **Reorganized Debtor** means Fabric Fanatics after the entry of the Confirmation Order.

8.1.46. **Schedules** means those schedules, statements and lists filed with the Court by the Debtor pursuant to and in accord with § 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b).

8.1.47. **Secured Claim** means a Claim secured by a Lien on any property of the Estate, but only to the extent of the value of the interest of the holder of such Claim in the interest of the Estate in such property, the calculation of which shall not include any demand for default interest, penalty interest or other similar demands.

8.1.48. **Secured Claim Interest Rate** means a fixed interest rate of **5.50%** or such other rate as the Bankruptcy Court determines at the Confirmation Hearing is necessary to provide the holders of Allowed Secured Claims with the present value of their collateral.

8.1.49. **Subordinated Claim** means: (i) any Claim, or portion of a Claim, that is subject to subordination under § 510 of the Bankruptcy Code; and (ii) any Claim, or portion of a Claim, for fines, penalties, forfeitures, for multiple, exemplary, or punitive damages, or other non-pecuniary, direct or non-proximate damages.

8.1.50. **Tax** means and includes any federal state, county and local income, *ad valorem*, excise, stamp and other tax of any type or nature whatsoever.

8.1.51. **Tax Claim** means any and all Secured or Priority Claims of the Debtor for the payment of any Taxes: (i) accorded a priority pursuant to § 507(a)(8) of the Code; or (ii) secured by valid Liens on property of the Estate existing on the Confirmation Date.

8.1.52. **United States Trustee** means the Office of the United States Trustee for Region Six.

8.1.53. **Unsecured Claim** means a Claim that is not an Administrative Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim.

| | | |
|---|---|---|
| 8.2. | **Effective Date** | The date on which the Confirmation Order becomes a Final Order. |
| 8.3. | **Severability** | If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceabililty and operative effect on any other provision of this Plan. |
| 8.4. | **Binding Effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.5. | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.6. | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan. |
| 8.7. | **Corporate Governance** | The management of Reorganized Debtor will remain unaltered |
| 8.8. | **Retention of Jurisdiction** | The Bankruptcy Court shall retain exclusive jurisdiction over this Case after Confirmation, notwithstanding consummation or substantial consummation, for the following purposes: |

8.8.1.  to consider and effect any modification of this Plan under § 1127 of the Bankruptcy Code;

8.8.2. to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

8.8.3.   to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

8.8.4.   to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

8.8.5.   to hear and determine all claims that the Debtor, as debtor in possession qua trustee, could assert under the Bankruptcy Code;

8.8.6.   to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

8.8.7.   to make such orders as are necessary and appropriate to carry out and implement the provisions of this Plan;

8.8.8.   to approve the reasonableness of any payments made or to be made, within the meaning of § 1129(a)(4) of the Bankruptcy Code;

8.8.9.   to exercise the jurisdiction granted pursuant to §§ 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

8.8.10. to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan;

8.8.11. to hear and determine any controversies with respect to any settlements approved by the Bankruptcy Court;

8.8.12. to determine any and all motions, applications, adversary proceedings and contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Reorganized Debtor; and

8.8.13. to enter a final decree closing any or all Cases.

**Failure of the Bankruptcy Court to Exercise Jurisdiction**.  If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction over any matter arising under, in or related to the Debtor's Estate, including with respect to the matters set forth herein, this Article 8 shall not prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

| 8.9. | **Rules of construction** | The rules of construction set forth in § 102 of the Code shall apply and are supplemented as follows: |
|---|---|---|

8.9.1.   Any capitalized term used in the Plan that is not defined herein, or other exhibits hereto, but that is defined and used in the Disclosure Statement has the meaning ascribed to that term in the Disclosure Statement.

8.9.2.   The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular article, section, subsection or clauses contained in the Plan.

8.9.3.   Unless otherwise specified, a reference to an article or a section is a reference to that article or section of the Plan.

8.9.4.   Any reference in the Plan to a document being in a particular for or on particular terms and conditions meant that the document shall be substantially in such form or substantially on such terms and conditions.

8.9.5.   Any reference in the Plan to an existing document means such document, as it may have been amended, modified or supplemented from time to time as of the Effective Date.

8.10.   All headings utilized in this Plan are for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

## ARTICLE 9:   DISCHARGE

Check one box.

| 9.1. | ☐ | **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. |
|---|---|---|
| | ☐ | **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan. |
| | ☑ | **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the Effective Date the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the |

extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

|  |  |
|---|---|
| ☐ | No discharge if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case. |

## ARTICLE 10:  OTHER PROVISIONS

| 10.1 | **Conditions to Consummation** | The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived by the Debtor: |
|---|---|---|
| | | 10.1.1. The Confirmation Order must have become a Final Confirmation Order. |
| | | 10.1.2. No request for revocation of the Confirmation Order under § 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending; and |
| | | 10.1.3. All actions, documents and agreements necessary to implement the Plan shall have been effectuated or executed. |
| | | 10.1.4. **Waiver of Conditions**.  Each of the conditions set forth above may be waived in whole or in part by the Debtor in its sole and absolute discretion, without any notice to parties in interests or the Bankruptcy Court, and without a hearing.  The Debtor's waiver of any one condition shall not be deemed a waiver of any other condition. |
| 10.2 | **Binding Effect** | Except as otherwise provided in § 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of this Plan shall bind any holder of a Claim against or Interest in the Debtor and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan. |
| 10.3 | **Injunction** | 10.3.1. **Permanent Injunction**.  Except as otherwise expressly provided in, or permitted under, this Plan, all Creditors and Interest holders, are permanently enjoined on and after the Effective Date against the collecting of Claims against the Reorganized Debtor in any manner other than as provided for in the Plan. |

10.3.2. **Temporary Injunction**.  Except as otherwise expressly provided in, or permitted under, this Plan, Lift is temporarily enjoined from commencing or continuing any proceeding against any guarantor, partner, officer, manager or member of the Debtor that would otherwise be liable to Lift so long as the Reorganized Debtor is not in default respecting Lift's treatment under the Plan.  The temporary injunction terminates as to Lift when:  (i) the Reorganized Debtor fails to cure any default as set forth in Section 10.5 of the Plan; or (ii) the Reorganized Debtor has tendered all payments to Lift as provided for in this Plan.  Any statute of limitations relating to the collecting of an obligation from any guarantor, partner, officer, manager or member of the Debtor that is subject to the foregoing temporary injunction is tolled during the temporary injunction period.

10.3.3. **The injunction provisions set forth herein do not enjoin the prosecution of any claims that arise on or after the Effective Date nor does it enjoin the determination of the Allowed Amount of any Claims that arose prior to the Effective Date by a court of competent jurisdiction.**

| | |
|---|---|
| 10.4 **Exculpation** | The Debtor and its representatives, Professionals, advisors, attorneys, investment bankers, officers, directors, or agents shall neither have nor incur, and are hereby released from, any Claim, claim, obligation, Cause of Action or liability to one another or to any holder of a Claim or an Interest, or any other party in interest, or any of its members, representatives, advisors, attorneys, financial advisors, investment bankers, agents or affiliates, or any of its successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Case, the pursuit of Confirmation of the Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under the Plan, except for: (i) claims which arise or relate to actions or omissions arising prepetition; and (ii) willful misconduct or gross negligence at any time.  In all respects the Debtor shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan. |
| 10.5 **Notice of Default** | **Notice of Default**.  Except as otherwise provided herein with respect to the treatment of a Class of Creditors, in the event of any alleged default under the Plan, any Creditor or party-in-interest must give a written default notice to the Reorganized Debtor with copies to counsel of record for the Reorganized Debtor specifying the nature of the default.  Upon receipt of the default notice, the Reorganized Debtor shall have ten (10) days to cure such default from the time of receipt of the default notice.  If such default has not been cured within the applicable time period any such Creditor or party-in-interest shall have the |

right to exercise any and all available remedies, including the right to undertake foreclosure upon any collateral securing the obligation, if applicable.

| 10.6 **Miscellaneous** | **10.6.1. Request for Relief Under Section 1129(b)**.  In the event any Class of Creditors or Interests shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtor requests the Bankruptcy Court to confirm this Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code. |
| --- | --- |

**10.6.2. Incorporation of Rule 9019**. To the extent necessary to effectuate and implement the compromises and releases contained in this Plan, the Plan shall be deemed to constitute a motion under Bankruptcy Rule 9019 seeking the Bankruptcy Court's approval of all of the compromises and releases contained herein.

10.6.3. **Computation of Time**.  The computation of any time periods prescribed or allowed by the Plan shall be governed by Bankruptcy Rule 9006.

10.6.4. **Exhibits**.  All exhibits to the Plan are incorporated into the Plan and shall be deemed to be part of the Plan.

10.6.5. **Plan Controls**.  The provisions of the Plan shall control over the contents of the Disclosure Statement.  The provisions of the Final Confirmation Order shall control over the contents of the Plan.

10.6.6. **Modification**.  The Debtor may alter, amend or modify this Plan under § 1127 of the Bankruptcy Code or as otherwise permitted by law prior to Confirmation.  Further, the Reorganized Debtor may also seek to modify the Plan after Confirmation and prior to substantial consummation of the Plan so long as the treatment of the holders of Allowed Claims or Interests are not materially or adversely affected.

10.7.    **Due Authorization**.  Each and every Claim and Interest holder who elects to participate in the distributions provided for herein warrant that such Claim or Interest holder is authorized to accept, in consideration of such Claim against or Interest in the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, expressed or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claim or Interest holder under this Plan.

10.8.    **Authorization of Corporate Action**.   All matters and actions provided for under this Plan involving the structure of the Debtor or action to be taken by or required of the Debtor or Reorganized Debtor shall be deemed to have occurred and be effective as provided herein, and shall be deemed to be

Case 18-42287   Doc 50   Filed 08/06/19   Entered 08/06/19 17:43:59   Desc Main Document   Page 21 of 23

authorized and approved in all respects without any requirement for further action by the members or partners of the Debtor, as applicable.

10.9.   **Further Assurances and Authorizations**.   The Debtor and/or the Reorganized Debtor, if and to the extent necessary, shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions, of this Plan.

10.10. **Privileged Communications; Work Product.**   For purposes of any proprietary, confidential or privileged information or communication, including attorney-client privileged communications, and documents that would otherwise constitute attorney work product, the Reorganized Debtor shall succeed to the interest of the Debtor and the Estate, to the extent provided by applicable law.

10.11. **No Interest**.   Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the Petition Date.

10.12. **No Attorneys' Fees**.   No attorneys' fees will be paid with respect to any Claim, other than Claims of professionals employed by the Debtor, except as specified herein or as allowed by a prior order of the Bankruptcy Court.

10.13. **Post-Confirmation Actions**.   After Confirmation, the Reorganized Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interest of Creditors, remedy any defect or omission, or reconcile any inconsistencies in this Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of this Plan.

10.14. **Post-Confirmation Conversion and/or Dismissal**.   Any Creditor or interested party, in the event of a default under the terms of this Plan, may file a motion to dismiss or convert this case pursuant to § 1129 of the Bankruptcy Code after the Plan is confirmed.  If the Bankruptcy Court orders the case converted to one under Chapter 7, then all property that had been property of the chapter 11 bankruptcy estate, and not previously disbursed under the terms of this Plan, shall revest in the Chapter 7 bankruptcy estate.  Further, to the extent relief from stay had not previously been granted during the chapter 11 bankruptcy process, a new automatic stay shall be reimposed upon all property of the Chapter 7 bankruptcy estate.

10.15. **Minimum Distribution**.  Notwithstanding anything to the contrary in this Plan, the Reorganized Debtor shall not be

Case 18-42287   Doc 56   Filed 08/06/19   Entered 08/06/19 13:43:59   Desc Main Document   Page 22 of 23

required to make distributions under this Plan of a sum less than $100.00 to any Allowed Claim holder. In such case, the Allowed Amount of such Claims shall be reduced to zero and such funds shall be retained by the Reorganized Debtor.

10.16. **Substantial Consummation**. The Plan shall be deemed to have been substantially consummated when the Reorganized Debtor makes an initial distribution pursuant to the terms of the Plan.

10.17. **Notices**. All notices, requests, elections or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. Any notices required to be delivered to the Debtor shall be addressed as follows:

**Fabric Fanatics, Inc.**
910 W. Parker Road, Suite 325
Plano, TX 75075
**Attn.: Lisa Anderson**

With a copy to:

**Robert T. DeMarco**
**DeMarco Mitchell, PLLC**
**1255 W. 15th Street, 805**
**Plano, TX 75075**

10.18. **Notices and Distributions**. On and after the Effective Date, all notices, requests and distributions to Claimants shall be sent to the last known address of: (1) the Claimant or its/his/her attorney of record as reflected in the Claimant's proof of claim; or (2) if there is no such evidence of a last known address, to the last known address of the Claimant according to the books and records of the Debtor. Any Claimant may designate another address for the purposes of this Section by providing the Reorganized Debtor written notice of such address, which notice will be effective upon receipt by the Reorganized Debtor.

10.19. **Unclaimed Property**. If any property distributed under the Plan by the Reorganized Debtor remains unclaimed for a period of two (2) years the initial date of the attempted delivery such unclaimed property shall be forfeited by the Claimant and the unclaimed property and the right to receive it shall revert to and vest in the Reorganized Debtor free and clear of any claims, rights or interests. The Reorganized Debtor, on the anniversary of the Effective date, shall file with the Bankruptcy Court a

schedule that identifies the name and last-known address of all holders of unclaimed distributions.

10.20.  **Setoff**.  Except as specifically provided in the Plan, no Creditor shall retain any contractual or statutory right to set off any asset in which the Debtor or Reorganized Debtor has an interest in satisfaction of that Creditor's pre-petition Claim.  Any right to set off a claim against an asset of Debtor or the Reorganized Debtor which is not specifically retained is waived.

10.21.  **No Admissions**.  Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed an admission by the Plan Proponents with respect to any matter set forth herein, including, without limitation, liability on any Claim or Interest or the propriety, any classification of any Claim or Interest, or the valuation of any property.

Respectfully submitted,

Dated: **August  6, 2019**

/s/ Lisa Anderson
_____
**Lisa Anderson**
President
Fabric Fanatics, Inc.

Presented by:

/s/ Robert T. DeMarco
_____
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
**T**        972-578-1400
**F**        972-346-6791

**Attorneys for the Debtor and Debtor-in-Possession**